IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOE HAND PROMOTIONS, INC.                                                          PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:14-cv-00001

FREDERICK PLUMMER d/b/a
MR. P'S BUFFALO WINGS and
MR. P'S BUFFALO WINGS                                                              DEFENDANTS

MEMORANDUM OPINION

Before the Court is Plaintiff's Motion for Default Judgment [8]. Upon due consideration of the motion, rules, and authorities, the Court finds as follows:

*Factual and Procedural Background*

Plaintiff Joe Hand Promotions, Inc. filed an action against Defendants Frederick Plummer and Mr. P's Buffalo Wings based on violations of 47 U.S.C. §§ 605, 553, and a common law claim of conversion. Plaintiff's complaint was filed with this Court on January 2, 2014. In its complaint, Plaintiff alleged Defendant, without authorization, intercepted and exhibited Ultimate Fighting Championship 142 ("Program"), to which Plaintiff held exclusive commercial exhibition licensing rights. Plaintiff attached an affidavit of a witness, detailing the events and confirming the unauthorized exhibition of the Program. Defendant was personally served with process on January 14, 2014, to which he did not respond. Thereafter, on February 20, 2014, the clerk granted Plaintiff's Motion for Entry of Default [5] due to Defendant's failure to "plead or otherwise defend" as required by the Federal Rules of Civil Procedure. Following, Plaintiff has requested a default judgment be entered in its favor. In its Motion for Default Judgment, Plaintiff requested statutory damages under both 47 U.S.C. §§ 605(e)(3)(C)(ii) and 553(b)(2). In addition, Plaintiff requested costs and reasonable attorney's fees.

*Standard*

`       Default judgments are generally disfavored. Lacey v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000). Federal courts universally prefer a trial on its merits. In re Dierschke, 975 F.2d 181, 183 (5th Cir. 1992). However, under the Federal Rules of Civil Procedure, a default judgment can be entered against a defendant who has failed to plead or otherwise defend.

There is a two-step process for the court to enter a default judgment. FED. R. CIV. P. 55. First, when a party against whom judgment is sought has failed to plead or otherwise defend, the clerk must enter the party's default. FED. R. CIV. P. 55(a). By defaulting, the defendant is considered to have admitted the plaintiff's well-pleaded allegations of fact. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). However, an entry of default by the defendant does not automatically entitle the plaintiff to relief. Id. "A plaintiff is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996).

The determination of whether to enter a default judgment rests within the district court's discretion. Ameser v. Nordstrom, Inc., 442 F. App'x 967, 969 (5th Cir. 2011). When considering a motion for default judgment, the court *may* conduct a hearing or accounting, determine the appropriate amount of damages, establish the truth of an allegation by the evidence, or investigate any other matter. FED. R. CIV. P. 55(b) (emphasis added). Under Rule 55, an evidentiary hearing is not mandatory; instead, the Rule gives the district judge wide latitude in determining whether a hearing is necessary. James v. Frame, 6 F.3d 307, 311 (5th Cir. 1993). When deciding a motion for default judgment, the court should consider multiple factors including whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused

by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obligated to set aside the default on the defendant's motion. Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).

*Analysis and Discussion*

A person violates § 605 when he "intercept[s] any radio communication . . . or receive[s] or assist[s] in receiving any interstate or foreign communication by radio and use[s] such communication . . . for his own benefit or for the benefit of another not entitled thereto." 47 U.S.C. § 605(a). Similarly, one violates § 553 by "intercept[ing] and receiv[ing] or assist[ing] in intercepting or receiving any communications service offered over a cable system" without authorization. 47 U.S.C. § 553(a)(1). The unauthorized interception of satellite or cable transmissions violates both §§ 553 and 605. Entm't by J&J, Inc. v. Al-Waha Enters., 219 F. Supp. 2d 769, 774 (S.D. Tex. 2002). Because of Defendant's failure to respond, Plaintiff cannot determine the precise means through which Defendant intercepted the Program. However, in its pleadings and supporting documents, Plaintiff provides sufficient factual allegations to establish that Defendant did intercept and exhibit the Program without authorization and, thus, default judgment is appropriate. However, the Court must also determine the appropriate amount of damages to award.

A party aggrieved under § 605 may elect to recover either actual or statutory damages. 47 U.S.C. § 605(e)(3)(C)(i). An award of statutory damages must be between $1,000 and $10,000, as the court considers just. Id. § 605(e)(3)(C)(i)(II). Further, in cases where the violation was committed willfully and for purposes of commercial advantage, the court may in its discretion increase the award of damages by an amount not greater than $100,000. Id. § 605(e)(3)(C)(i)(II)(ii).

Plaintiff has elected to seek statutory damages and requested the maximum amount of $10,000. In its Memorandum Supporting Default Judgment [9], Plaintiff argues that it would be impossible to calculate the full extent of lost profits and additional damages suffered because of Defendant's actions. To support its claim for damages, Plaintiff attached an affidavit from its President, Joe Hand, explaining the serious threat that this sort of conduct poses to the industry. Courts have awarded various amounts of statutory damages for similar conduct. Entm't by J&J, Inc., 219 F. Supp. at 777 (awarding base statutory damages of $5,000); Joe Hand Promotions, Inc. v. Fire, LLC, 2012 U.S. Dist. LEXIS 118530 (S.D. Miss. Aug. 22, 2012) (awarding base statutory damages of $3,000); Joe Hand Promotions, Inc. v. Alima, 2014 U.S. Dist. LEXIS 56238 (N.D. Tex. Apr. 22, 2014) (awarding base statutory damages of $5,000); J&J Sports Prods. v. Cotorra Cocina Mexicana & Bar LLC, 2012 U.S. Dist. LEXIS 43998 (S.D. Miss. Mar. 29, 2012) (awarding statutory damages of $1,000). As stated by Plaintiff, one purpose of statutory damages is to deter this type of conduct. By imposing only minimal statutory damages or only requiring Defendant to pay the licensing fee he should have previously paid, Defendant would have no motivation to refrain from continuing the unauthorized conduct. In addition, this conduct harms Plaintiff's business and decreases profits. Considering the need to deter future similar conduct and that the commercial sublicense fee alone in this case would have been over $950, the Court finds that statutory damages of $3,000 is appropriate in this case.

In addition, Plaintiff has requested enhanced damages pursuant to § 605 for willful violation. 47 U.S.C. § 605(e)(3)(C)(i)(II)(ii). Plaintiff cannot provide affirmative evidence that Defendant willfully violated § 605; however, Joe Hand's affidavit states that "our programming is not and cannot be mistakenly, innocently, or accidentally intercepted." But an award of enhanced damages rests within the court's discretion. 47 U.S.C. § 605(e)(3)(C)(i)(II)(ii).

Considering Plaintiff's evidence, the small size of the crowd viewing the Program, and the fact that Defendant is not a repeat offender, the Court finds $3,000 in statutory damages is sufficient and declines to award enhanced damages.

Finally, under § 605, the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." Id. § 605(e)(3)(B)(iii). Through affidavits, Plaintiff has provided detailed accounts of costs and attorneys' fees, amounting to $3,373.84. The Court finds this amount reasonable and grants the same.

*Conclusion*

For the foregoing reasons, Plaintiff's Motion for Default Judgment [8] is GRANTED IN PART and DENIED IN PART. In particular, the Court:

- GRANTS Plaintiff's request for statutory damages in the amount of $3,000.00.
- DENIES Plaintiff's request for enhanced damages.
- GRANTS Plaintiff's request for attorneys' fees in the amount of $3,373.84.

Accordingly, the Court awards Plaintiff a total of $6,373.84.

SO ORDERED on this, the 29th day of July, 2014.

/s/ Sharion Aycock_____
**U.S. DISTRICT JUDGE**